IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WENDY SHYANNE JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | CIV. ACT. NO. 2:13cv776-TFM <br> (WO) |

**MEMORANDUM OPINION and ORDER**

**I.  Procedural History**

Plaintiff Wendy Shyanne Johnson ("Johnson") applied for disability insurance benefits pursuant to 42 U.S.C. § 401 *et seq*., and supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq*., alleging that she is unable to work because of a disability.  Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ concluded that Johnson was not under a "disability" as defined in the Social Security Act.  The ALJ, therefore, denied the plaintiff's claim for benefits.

Johnson sought review with the Appeals Council and submitted additional evidence.  Johnson submitted: (1) medical records from Dr. Joseph H. Sewell dated September 19, 2012, (2) medical records from Southeast Alabama Medical Center dated September 27, 2012, (3) a mental impairment questionnaire from Dr. Sewell dated

1

November 13, 2012, and (4) medical records from Southeast Alabama Medical Center dated October 25, 2012, through October 29, 2012. (R. 2). The Appeals Council found that the October 2012 records are "new information about a later time [and] [t]herefore do[] not affect the decision about whether [Johnson] was disabled beginning on or before September 27, 2012" and returned these records to the plaintiff. *Id.* The Appeals Council also stated that it had considered Johnson's reasons for disagreement with the ALJ's decision and her additional evidence, except the October 2012 medical records. The Appeals Council concluded that "this information does not provide a basis for changing the Administrative Law Judge's decision." *Id.* The Appeals Council rejected a subsequent request for review. Consequently, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge. The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3). Based on the court's review of the record in this case and the parties' briefs, the court concludes that the Commissioner's decision should be REVERSED and this case should be REMANDED to the Commissioner for further proceedings consistent with this Opinion.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .
>
> To make this determination, the Commissioner employs a five-step, sequential evaluation process.  See 20 C.F.R. §§ 404.1520, 416.920.
>
> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may

---

[2] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986)  is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

#### A.    Introduction

Johnson was 56 years old at the time of the hearing and is a college graduate. (R. 45). She has prior work experience as a high school teacher. (R. 47). Johnson alleges that she became disabled on September 30, 2004 due to generalized anxiety disorder, depression, panic disorder, attention deficit disorder, high blood pressure, painful sores from a skin condition, a vision impairment, restless leg syndrome, and insomnia. (R. 44, 135-44, 158). After the hearing on August 14, 2012, the ALJ found Johnson suffers from severe impairments of depression, anxiety, and folliculitis and non-severe impairments of a lumbar disc disorder, attention deficit hyperactivity disorder, restless leg syndrome, high blood pressure, tension headaches, and vision problems. (R. 14). The ALJ also found that Johnson is unable to perform her past relevant work, but that she retains the residual functional capacity to perform a full range of work at all exertional levels, except with the following non-exertional limitations:

> Must avoid climbing ladders/ropes/scaffolds and workplace hazards, such as unprotected heights and dangerous equipment; must have minimal changes in work settings and routines; avoid tasks involving a variety of instructions or tasks, but is able to understand to carry out simple 1- or 2-step instructions and able to understand to carry out detailed but uninvolved written oral instructions involving a few concrete variables in or from standardized situations; no production paced work (defined as work that is pushed at the individual on a conveyor belt or the like that makes them have to keep up), but can do goal oriented work; make judgments on only simple work-related decisions; no work in crowd; and have occasional superficial contact with the public.

(R. 17). Testimony from a vocational expert led the ALJ to conclude that a significant number of jobs exist in the national economy that Johnson can perform, including work as a kitchen helper, hospital food service clerk, and a dining room attendant. (R. 27). Accordingly, the ALJ concluded that Johnson is not disabled. *Id.*

### B. The Plaintiff's Claims

Johnson presents the following issues for review:

(1) The ALJ failed to comply with controlling law in evaluating the medical opinions of record, including the opinions from Dr. Ravello, Dr. Jacobs, Dr. Sewell, and Dr. Strunk;

(2) The ALJ reversibly erred by failing to meaningfully address the lay evidence of record;

(3) The Appeals Council erred by refusing to remand the case due to its erroneous belief that the additional evidence it received related only to a period after the ALJ's decision; and

  (4)  The Commissioner failed to sustain her burden of establishing that there is other work in the national economy that Johnson can perform.

(Doc. No. 12).

## IV.  Discussion

Johnson raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence.  *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).  However, the court pretermits discussion of the plaintiff's specific arguments, with the exception of the argument regarding Dr. Sewell and Dr. Jacobs, because the court concludes that the Commissioner erred as a matter of law, and thus, this case warrants remand for further proceedings. Specifically, the court finds that the Commissioner erred by failing to evaluate the opinions of Dr. Jacobs and Dr. Sewell.

  **A.  Rejection of Treating Physician's Opinion**

Johnson argues that the Commissioner failed to assign appropriate weight to the opinion of Dr. Joseph H. Sewell, a family practitioner.  On August 24, 2004, Dr. Sewell sent a letter to Johnson's employer stating that Johnson suffers from depression and should resign from her teaching job immediately due to her stress level.  (R. 215). The Commissioner, however, failed to discuss Dr. Sewell's opinion that her condition prevents her from performing work.

  The law is well-settled; the opinion of a claimant's treating physician must be accorded substantial weight unless good cause exists for not doing so.  *Jones v. Bowen,*

810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985). The Commissioner, as reflected in his regulations, also demonstrates a similar preference for the opinion of treating physicians.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

*Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 CFR § 404.1527 (d)(2)). The ALJ's failure to give considerable weight to the treating physician's opinion is reversible error. *Broughton*, 776 F.2d at 961-2; *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982).

However, there are limited circumstances when the ALJ can disregard the treating physician's opinion. The requisite "good cause" for discounting a treating physician's opinion may exist where the opinion is not supported by the evidence, or where the evidence supports a contrary finding. *See Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). Good cause may also exist where a doctor's opinions are merely conclusory; inconsistent with the doctor's medical records; or unsupported by objective medical evidence. *See Jones v. Dep't. of Health & Human Servs.*, 941 F.2d 1529, 1532-33 (11th Cir. 1991); *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991); *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). The weight afforded to a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence of the claimant's impairment. *Wheeler v.*

*Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Schnorr*, 816 F.2d at 581.

While the ALJ parroted select portions of the medical evidence, including Dr. Sewell's opinion that Johnson should resign from employment due to her mental condition, rote recitation of the medical evidence is not a substitute for articulating reasons for discounting a treating physician's opinion. The ALJ's conclusory analysis is simply deficient as a matter of law. The facts recited by the ALJ might support reasons, but the ALJ did not articulate his reasons. It is the responsibility of the ALJ to conduct the appropriate legal analysis and his written decision must include sufficient reasoning to permit the court to determine he has done so.

    **B.**     **The Consultative Examiner's Opinion**

Johnson asserts that the ALJ's opinion that she has the residual functional capacity to perform work at all levels is not supported by substantial evidence because the ALJ failed to specify the weight afforded to the opinion of Dr. Ann L. Jacobs, the consultative psychologist, and failed to discuss the significance of Dr. Jacobs' abnormal findings.

Generally, "the opinions of treating physicians are given more weight than non-treating physicians, and the opinions of examining physicians are given more weight than non-examining physicians. *See Flowers v. Comm'r of Soc. Sec.*, 441 Fed. Appx. 735, 740 (11th Cir. 2011) (citing § 404.1527(d)(1)-(2), § 416.927(d)(1)-(2)). In addition, "the

opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." *McNamee v. Soc. Sec. Comm'n*, 164 Fed. App'x. 919, 923 (11th Cir. 2006) (per curiam) (citing § 404.1527(d)(5)). Finally, the ALJ may disregard the opinion of a physician or psychologist, provided he states with particularity the reasons therefor. *Shafarz v. Bowen*, 825 F.2d 278 (11th Cir. 1987) (per curiam).

    The problem with the ALJ's analysis is that he merely recites the findings of Dr. Jacobs without specifying the weight he assigns to the specialist's opinion or the reasons for accepting or rejecting her findings. The court recognizes the ALJ found that "Dr. Jacobs' mental status examination findings are more consistent with moderate limitations in concentration, persistence, and pace" when attempting to discredit Johnson's testimony concerning the severity of her hyperactivity and concentration problems (R. 23). However, when determining Johnson's residual functional capacity, the ALJ does not specifically discuss the effect of the examining psychologist's findings on her ability to perform work or the weight he assigns to the psychologist's opinion. For example, the ALJ does not specify his reasons for rejecting or accepting Dr. Jacobs' abnormal findings of sores on Johnson's limbs, rapid speech which strays from the topic, an anxious and sad mood, and crying spells, as well as a poor prognosis for recovery, and diagnoses of generalized anxiety disorder; major depression, recurrent mild; and personality disorder, nonspecific. In addition, he fails to specify what effect, if any, these conditions have on her ability to perform work. The ALJ's conclusory analysis and failure to articulate his

reasons for accepting or rejecting the consultative examining psychologist's findings is deficient as a matter of law.[3]

## V.     Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this Opinion.

It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after he receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. App'x. 241, 242 n.1 (11th Cir. 2008). A separate final judgment will be entered.

Done this 27th day of June, 2014.

                                                                                 /s/Terry F. Moorer
                                                                                 TERRY F. MOORER
                                                                                 UNITED STATES MAGISTRATE JUDGE

---

[3] The October 2012 medical records are not included in the transcript. Thus, this court is unable to discern whether the records which were rejected by the Appeals Council are applicable to this case. On remand, the court suggests that the ALJ consider all of the medical records and determine whether the additional evidence is applicable to the relevant time period.